A APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 BY A PERSON IN FEDE[RAL CUSTODY]

19

DET 107792

Case:2:17-cv-13271
Judge: Berg, Terrence G.
MJ: Majzoub, Mona K.
Filed: 10-02-2017 At 12:19 PM
HC RAMOS-CARTAGENA VS TERRIS (RB)

| United States District Court | Eastern District of [Michigan] |
|---|---|
| Name: Jose Ramos Cartagena | Inmate Number: 14857-069 |

Place of Incarceration: Federal Correctional Institution Milan

| Name of Petitioner (include the name under which you were incarcerated) | Name of Respondent (authorized person having custody over you) |
|---|---|
| JOSE RAMOS CARTAGENA, | J.A. TERRIS, WARDEN, |

The Attorney General of the State of: Eastern District of Michigan U.S. Attorney's Office

## GENERAL INFORMATION

A. If you have been convicted, answer the following

1. Nature of offense: Aiding and abetting in a Bank Robbery
2. Name and location of Court that imposed sentence: District of Puerto Rico at 150 Carlos Chardon Avenue, Rm. 150 in San Juan, P.R. 00918
3. Case/Docket Number: 97-00110 Conviction Date: 11-12-1998
4. Length of Sentence: 355 months.

B. If you appealed your judgment of conviction, answer the following:

1. Did you appeal the conviction? X Yes ___ No

If "Yes", complete Section A below. If "No", proceed to item 2.

a. Date filed: July 6, 1999
b. Name of Court: First Circuit Court of Appeals
c. Grounds of Appeal: Sufficiency of the Evidence and etc.
d. Result: Affirmed Date: August 30, 2000
e. Case Number: 98-2353

2. If you filed a petition for certiorari in the United States Supreme Court please complete the Following regarding your direct appeal:

a. Date filed: January 30, 2001
b. Name of Court: U.S. Supreme Court
c. Ground(s) raised: Requesting reopening of the case for failure to prove element of crime
d. Result: Denied Date: Aug. 27, 2001
e. Case Number: 00-8634

3. Have you challenged the sentence in any other post-conviction proceeding? X YES __ NO
a. Date filed: 06/04/2002
b. Name of Court: District of Puerto Rico
c. Ground(s) raised: Ineffective assistance of counsel
d. Result: Denied Date: 04/05/2004
e. Case Number: 3:97-cr-00110-JAF

C. If you have not been convicted, or if you are challenging something other than your conviction and Sentence, complete the following:

1. Briefly describe the type of decision or action which you are challenging: ____________

____________

____________

____________

2. Who made the decision ? ____________ Date: ____________
3. Was there a hearing of any kind? __ Yes __ No

First Hearing:

Conducted by: ____________ Location: ____________

Result: ____________

____________ Date: ____________

Second Hearing:

Conducted by: ____________ Location: ____________

Result: ____________

____________ Date: ____________

# Administrative Remedy Procedures

A. If your claim concerns a parole matter, complete the following:

1. Did you have an initial hearing? __ YES __ No

   If you answered "YES" to the above question, please complete the following:

   a. Date of initial hearing:______________________
   b. Ground(s) raised:______________________

   ______________________

   ______________________

   c. Result:______________________

   ______________________

   ______________________

   ______________________ Date:______________

2. Did you appeal the panel's decision to the Regional Commissioner? __ YES __ NO

   a. Date of initial hearing:______________________
   b. Ground(s) raised:______________________

   ______________________

   ______________________

   c. Result:______________________

   ______________________

   ______________________ Date:______________

3. Did you appeal the decision of the National Appeals Board, U.S. Parole Commission? _ YES _ NO

   a. Date of initial hearing:______________________
   b. Ground(s) raised:______________________

   ______________________

   ______________________

   c. Result:______________________

   ______________________

   ______________________ Date:______________

B. If your claim concerns something other than parole, complete the following:

1. Did you attempt to resolve your complaint informally: __ Yes __No
2. Did you file a formal complaint? __ Yes __No
3. Did you appeal to the Warden? __ Yes __No
4. Did you appeal to the Regional Director? __ Yes __No
5. Did you appeal to the General Counsel? __ Yes __No
6. If you did not use the Administrative Remedy Procedure, explain why you did not do so:____

______________________________________________

______________________________________________

______________________________________________

## PREVIOUS LAWSUITS

A. Have you filed any previous lawsuits related to your present claim? __ Yes __No

If you answered "YES", complete the following

1. Date filed:______________
2. Name of Court:______________
3. Ground(s) raised:______________

______________________________________________

______________________________________________

4. Result:______________ Date:______________
5. Case Number:______________

B. Have you appealed the results of a previous lawsuit related to your present claim? __ Yes __No

If "Yes", complete the following:

1. Date filed:______________
2. Name of Court:______________
3. Ground(s) raised:______________

______________________________________________

______________________________________________

4. Result:______________ Date:______________
5. Case Number:______________

**Grounds for Relief**

State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. It is not necessary to cite cases or law in this petition. However, if you wish to cite cases or law, you should do so in a separate memorandum or brief. If necessary, you mat attach pages stating additional grounds and facts supporting the same. All attachments must be on white, 8 ½ by 11" paper.

1. Ground one: Petitioner Ramos-Cartagena, contends that in light of Mathis (2016), in which renders him "actually innocent" of Cartagena's Count Five, Using A Firearm During And In Relation

Supporting facts (tell your story briefly without citing cases or law): On June 19, 1998, a jury convicted Ramos-Cartagena of two counts of armed robbery, in violation of 18 U.S.C. § § 2, 2113 (a), (d); one count of asault,

2. Ground two:

Supporting facts (tell your story briefly without citing cases or law):

3. Ground three:

Supporting facts (tell your story briefly without citing cases or law):

4. Ground four:

Supporting facts (tell your story briefly without citing cases or law):

Continuation of Ground One:

A crime Of Violence, thus he entitled to have his 10-year § 924 (c) sentence VACATED and thereafter DISCHARGED from federal custody in the matter herein.

Continuation of Ground One Supporting Facts:

in violation of 18 U.S.C. § § 2, 2117; and one count of using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § § 2, 924 (c) (1), see Doc. # 292. On November 12, 1998, the Honorable Jose A. Fuste sentenced Ramos-Cartagena to serve a statutory term of ten years as to the firearm conviction and to serve concurrent terms as to the armed robbery, assault, and breaking and entering convictions, for a total sentence of 355 months, see Doc. # 582-1 at 17.

Petitioner Ramos-Cartagena, asserts that as to Count Five, Using A Firearm During And In Relation A Crime Of Violence his 10 year consecutive sentence he is "actually innocent" of the 10-year sentence (penalty) in light of the U.S. Supreme Court's Ruling in Mathis (2016). The U.S. Supreme Court in Mathis instructed district courts to first determine whether a subsection defines multiple offenses by listing alternative elements or instead lists alternative means of committing a single offense. In Mathis the Supreme Court limited the scope of when the modified categorical approach maybe applied, thus applying this application to Petitioner Ramos-Cartagena he will establish just how Mathis (2016), invalidates his 10-year penalty for § 924 (c) (1) in the case herein.

Therefore, Petitioner Ramos-Cartagena, argues firmly that he is "actually innocent" of his 10-year penalty because in the wake of Mathis (2016), the definition of a "crime of violence"

is broader than Federal Bank Robbery, thus § 2113 (a) criminalizes a "greater swath of conduct" rendering his penalty invalid in the wake of Mathis (2016), therefore his 10-year sentence as to Ct. 5 must be VACATED in the case at bar.

REQUEST FOR RELIEF AND CERTIFICATION

Wherefore, Petitioner prays the Court grant the Petitioner the relief to which he may be entitled to in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

/ / 2017

Date

Jose Roman Cartagena

Signature of Petitioner

Mr. Jose Ramos-Cartagena
#14857-069
FCI-Milan
P.O. Box 1000
Milan, MI. 48160-0190

*If you should experience difficulty complying with all these instructions, please contact the Case Manager, Counselor, or the Legal Technician at the federal institution in which you are incarcerated.*

MEMORANDUM OF LAW IN SUPPORT OF GRANTING PETITIONER'S WRIT OF HABEAS CORPUS PETITION:

GROUND ONE:

Petitioner Ramos-Cartagena, contends that in light of Mathis (2016), in which renders his "actually innocent" of his Count Five, Using a Firearm During and in Relation a Crime of Violence, thus he is entitled to have his 10-year § 924(c) sentence VACATEDand thereafter DISCHARGED from federal custody in the matter herein.

JURISDICTION

Petitioner Ramos-Cartagena, asserts that on September 7, 2016, the Sixth Circuit Court of Appeals issued a binding published opinion in Hill v. Masters, 836 F.3d 591 (6th Cir. 2016) (When seeking to petition under 28 U.S.C.S. 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial 28 U.S.C.S. § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect, Hill 836 F.3d at 595-96 (6th Cir. 2016)).

At least one federal district court judge within the 6th District Court has decided that Persaud authorizes review pursuant to 2241 petition in certain circumstances, the savings clause of section 2241 is available to prisoners raising certain fundamental sentencing claims. Sentences that erroneously exceed the statutory minimum, or that were erroneously based on a statutory mandatory minimum, are cognizable under the savings

clause when the error is revealed by a retroactively applicable decision of this Court that both (1) postdated the prisoner's sentencing, direct appeal and intial Section 2255 motion; and (2) overturned circuit precedent previously foreclosing his claim. See U.S. Br. at 14-19, Persaud v. United States, No. 13-6435 (Dec. 20, 2013); Br. in Opp. at 12-17 & n. r. See Foreman v. J.A. Terris, 2014 U.S. Dist. LEXIS 155852 (E.D. Mich., Nov. 4 2014).

Therefore, Petitioner Ramos-Cartagena, contends that there is no doubt that this Honorable Court has jurisdiction to entertain and adjudicate his pro se Writ of Habeas Corpus Petition on the merits thereto as Mr. Ramos-Cartagena was certainly sentenced under the mandatory nature of the Guidelines and meets the requisite requirements of Persaud, thus a prompt Show Cause Order should issue complying with 28 U.S.C. § 2243, ordering the government's Response Brief to be filed within 5 to 20 days in the case herein.

REASONS TO JUSTIFY ISSUANCE OF WRIT OF CORPUS PETITION

Petitioner Ramos-Cartagena, states that to obtain relief pursuant to 2241 Petition he must rely upon a retroactive Supreme Court Ruling as he does in Mathis, 136 S. Ct. 2243, 2249, 195 L.Ed. 2d 694 (2016) as it is a statutory interpretation that applies "retroactively" on collateral attack for the first § 2255 motion and § 2241 Writ of Habeas Corpus Petition, see Holt v. United States, 843 F.3d 720 (7th Cir. 2016); and Stoner v. United States, 2017 U.S. Dist. LEXIS 89617 (E.D. Mo., June 12, 2017) (Because Mathis did not announce a new rule, courts may apply the decision on collateral review. See Whorton v. Bockting,

549 U.S. 406, 414-16, 127 S. Ct. 1173, 167 L.Ed. 2d 1 (2007) (decision that clarifies existing law "applies...on collateral review"); Chayidez v. United States, 568 U.S. 342, 133 S.Ct. 1103, 1107, 185 L. Ed. 2d 149 (2013) ("[w]hen we apply a settled rule... a person [may] avail herself on the decision on collateral review."). Thus, Petitioner Ramos-Cartagena, argues firmly that Mathis (2016) applies retroactively on collateral review, therefore he relies upon a "retroactive" statutory interpretation in the matter herein.

On December 13, 2016, the Seventh Circuit Court of Appeals held that Mathis (2016) was "retroactive" for collateral attack, see Holt v. United States, 843 F.3d 720 (7th Cir. 2016). Because Petitioner Ramos-Cartagena is filing his 2241 Petition pursuant to Mathis which must be applied to his case as it renders him "actually innocent" of the 10-year mandatory minimum for 18 U.S.C. § 924(c)(1); and § 2 "aiding and abetting," thus he is entitled to have his sentence VACATED as to Count Five and ordered to be immediately released from federal custody; or alternatively this Honorable Court should GRANT a prompt evidentiary hearing as to his Mathis claim in the case herein.

Petitioner Ramos-Cartagena, argues firmly that contrary to the Government's rebuttal claim the Seventh Circuit Court of Appeals has held in United States v. Edwards, 836 F.3d 831, 838 (7th Cir. 2016), as the Seventh Circuit utilized the U.S. Supreme Court's holding in Mathis (2016), to invalidate Wisconsin's burglary, however the first question that a federal court must answer in light of Mathis (2016), is whether a subsection defines multiple offenses by listing alternative

elements or instead lists alternative means of committing a single offense. "Elements are the constituent parts of a crime's legal definition - the things the prosecution must prove to sustain conviction." Mathis, 136 S. Ct. at 2248. Means, in contrast, are legally extraneous facts that "need neither be found by a jury nor admitted by a defendant."

The legislative history of § 2213 reveals no intent on the part of Congress to create separate offenses in paragraphs one and two. The original Bank Robbery Act, passed in 1934, covered only robbery, robbery accompanied by an aggravated assault, and homicide perpetrated in committing a robbery or escaping thereafter. 48 Stat. 783 (1934). Congress added prohibitions against entering a bank with intent to commit a felony and taking bank property with intent to steal in 1937, 50 Stat. 749 (1937), because Congress wanted to expand the scope of the statute to cover criminal activity less serious than robbery that had previously violated no federal statute. S. Rep. No. 75-1259 (1937); Prince, 352 U.S. at 326. Initially, when Congress added the provisions for illegal entry and larecency in 1937 it placed them alongside robbery in subsection (a) in a single, disjunctive sentence. 50 Stat. 749 (1937). In 1948, however Congress amended the statute and moved larcency to its own separate subsection. At the same time, Congress did not move the illegal entry provision to its own subsection, but rather adopted the current two-paragraph structure of § 2113(a). 62 Stat. 796 (1948).

This two-paragraph structure and plain language of § 2113(a) also support the conclusion that Congress intended the actions described therein to be alternate means of committing a single

offense. The paragraphs are a single sentence joined by the disjunctive term "or" and appended by a single penalty clause. The use of the word "or" within a single subsection of a statute signals Congress' intent that there be two ways or means of committing a single offense and not multiple offenses. In the context of the susbsection, the ordinary and common sense meaning of the word "or" indicates alternative courses of conduct that could accomplish a single offense. See United States v. Turcotte, 405 F.3d 515, 523 (7th Cir. 2005) (subsections of 21 U.S.C. § 802 (9) are separated by the word "or" to indicate Congress' clear disjunctive intent); United States v. Marbella, 73 F.3d 1508, 1514 (9th Cir. 1996) (relying on disjunctive "or" separating subsections of 18 U.S.C. 1956(a)(1) to support conclusion that each subsection is an alternate means of proving a single element of the crime of money laundering). In addition, in the context of the overall structure of the statute, the inclusion of a single penalty clause after the two paragraphs § 2113(a) further signals Congress' intent to treat the subsection as a whole as a single offense that can be carried out in two separate ways.

In addition to the textual and legislative history for the conclusion that the two paragraphs of § 2113(a) proscribe two means of violating a single offense, the <u>Prince</u> decision governs this Court's analysis here. The U.S. Supreme Court in that case engaged in the same Congressional-intent analysis and held that § 2113(a) creates a single offense. <u>Prince</u>, 352 U.S., 322, 77 S.Ct. 403, 1 L. Ed. 2d 370; see also <u>Helfin</u>, 358 U.S. at 419 ("We held in [Prince] that the crime of entry into a bank with intent to rob was not intended by Congress to be a separate offense from the

consummated robbery."). In Prince, in which is particularly instructive because it dealt with precisely the same "unique statute of limited purpose and... inconclusive legislative history." Prince, 352 U.S. at 325. The U.S. Supreme Court's analysis concluded that the second paragraph "was inserted [in § 2113(a)] to cover the situation where a person enters a bank for the purpose of committing a crime but is frustrated for some reason." Id. at 328.

Subsequent cases have reinforced and applied the holding in Prince. "We believe it to be now settled that [§ 2113] creates a single offense with various degrees of aggravation permitting sentences of increasing severity." United States v. Drake, 250 F.2d 216, 217 (7th Cir. 1957). "Prince has, for all practical purposes, so decided." Id. See also Wright v. United States, 519 F.2d 13, 15 (7th Cir. 1975) (acknowledging well settled law § 2113 does not create separate crimes but merely prescribes alternative sentences for the same crime depending on the manner in which the crime was perpetrated); and U.S. v. Leather, 271 F.2d 80, 86 (7th Cir. 1959) (same). (emphasis added).

Therefore, Petitioner Ramos-Cartagena, argues firmly in light of the legislative and textual history coupled with the federal courts Rulings quoted, thus this Honorable Court should hold that paragraphs one and two of § 2113(a) are alternate means of committing a single offense.

Petitioner Ramos-Cartagena, argues firmly that because at least one of the means of violating 18 U.S.C. § 2113(a), Bank Robbery is non-violent, (extortion on one hand and entering a bank intending to commit and felony affecting it for example such as

mortgage fraud), see McBride, 826 F.3d 293, 296 (6th Cir. 2016), thus in light of the U.S. Supreme Court's Ruling in Mathis (2016), the offense does not qualify as a "crime of violence," thus as the result § 924(c)(3) definition of "crime of violence" is broader than Federal Bank Robbery, therefore in the wake of Mathis (2016), Petitioner Ramos-Cartagena's § 2113(a) conviction criminalizes a "greater swath of conduct" than the elements of the definition of a "crime of violence" as defined is 18 U.S.C. § 924(c)(3)(A), see Mathis, 136 S. Ct. at 2251 (2016). This "mismatch of elements" means that Jose Ramos-Cartagena's conviction for Federal Bank Robbery is not a "crime of violence" and, thus his § 924(c) sentence is "unconstitutional" in the wake of Mathis (2016). (emphasis added).

Therefore, Petitioner Ramos-Cartagena, argues firmly that this Honorable Court should VACATE his Count Five and order Jose Ramos-Cartagena to be immediately released from federal custody in the case herein.

Date: 09/15/17

Respectfully Submitted,

Jose Ramos Cartagena

Mr. Jose Ramos-Cartagena
#14857-069
FCI-Milan
P.O. Box 1000
Milan, MI 48160

## Certificate of Service

I, Jose Ramos-Cartagena, certify that on September, 15th, 2017, I mailed by First Class U.S. Mail the original and three copies of my pro se § 2241 Writ of Habeas Corpus Petition and Memorandum of Law In Support Of Granting Petitioner's Writ of Habeas Corpus Petition in which was mailed to the Clerk's Office at the said address below herein:

Clerk of the Court
U.S. District Court
231 W. Lafayette Blvd.
Fifth Floor
Detroit, MI. 48226

Date: 09/15/17

/s/ Jose Ramos-Cartagena
Mr. Jose Ramos-Cartagena
pro se Petitioner


Jose Ramos-Cartagena
Federal Correctional Institution
P.O. Box 1000
Milan, MI. 48160-0190
U.S. POSTAGE
PAID
LANSING, MI
48917
SEP 29, 17
AMOUNT
$2.66
R2304Y122321-30
1000
48226
9-29-17
RECEIVED
OCT - 2 2017
CLERK'OFFICE
DETROIT
Clerk of the Court
U.S. District Court
231 W. Lafayette Blvd.
Fifth Floor
Detroit, MI. 48226
14857-069
Clerk U S District Court
231 W Lafayette BLVD
5th Floor
Detroit, MI 48226
United States
"Legal-Mail"



# CIVIL COVER SHEET FOR PRISONER CASES

| **Case No.** 17-13271 | **Judge:** Terrence G. Berg | **Magistrate Judge:** Mona K. Majzoub |
|---|---|---|

| | |
|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br>Jose Ramos Cartagena | **Name of 1st Listed Defendant/Respondent:**<br>J.A. Terris |
| **Inmate Number:** 14857-069 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br>FCI Milan<br>Federal Correction Institution<br>P.O. Box 1000<br>Milan, MI 48160<br>WASHTENAW COUNTY | |

**BASIS OF JURISDICTION**
- ☐ **2 U.S. Government Defendant**
- ☒ **3 Federal Question**

**NATURE OF SUIT**
- ☒ **530 Habeas Corpus**
- ☐ **540 Mandamus**
- ☐ **550 Civil Rights**
- ☐ **555 Prison Conditions**

**ORIGIN**
- ☒ **1 Original Proceeding**
- ☐ **5 Transferred from Another District Court**
- ☐ **Other:**

**FEE STATUS**
- ☐ **IFP *In Forma Pauperis***
- ☒ **PD Paid**

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ **Yes** ☒ **No**
   ➢ **If yes, give the following information:**
   **Court:** ______
   **Case No:** ______
   **Judge:** ______

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ **Yes** ☒ **No**
   ➢ **If yes, give the following information:**
   **Court:** ______
   **Case No:** ______
   **Judge:** ______