UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE RAMOS CARTAGENA,

        Petitioner,         Civil No. 17-13271
                                          Hon. Terrence G. Berg
v.

J. A. TERRIS,

        Respondent.
_____/

# ORDER DISMISSING PETITION
# FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Jose Ramos Cartagena's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Ramos Cartagena, who is presently incarcerated at the Federal Correctional Facility in Milan, Michigan, argues that he is actually innocent of 18 U.S.C. § 924(c)(1), which prohibits using a firearm during a crime of violence. Respondent, through the United States Attorneys' office, has filed an answer in opposition arguing that the petition is not properly filed under 28 U.S.C. § 2241, and that the armed bank robbery conviction was a crime of violence supporting Ramos Cartagena's conviction. The Court finds the petition is not properly filed under § 2241 and, in the alternative, that the petition lacks merit.

## I. Background

In 1998, Ramos Cartagena was convicted by a jury in the District of Puerto Rico of two counts of armed bank robbery, 18 U.S.C. § 2113(a) and (d); one count of assault, 18 U.S.C. § 2114(a); one count of breaking and entering, 18 U.S.C. § 2117; and one count of using a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1). *See United States v. Ramos-Cartagena*,[1] No. 3:97-cr-00110 (Dkt. 286). The district court sentenced Ramos Cartagena to concurrent sentences of 235 months for armed bank robbery and assault, and 120 months for breaking and entering; and a consecutive sentence of 120 months for the § 924(c) conviction.

Ramos Cartagena appealed to the First Circuit Court of Appeals. The Court of Appeals affirmed his convictions and sentences. *United States v. Mojica-Baez, et al.*, 229 F.3d 292, 296-97 (1st Cir. 2000). Ramos Cartagena then filed a motion to vacate his sentence under 28 U.S.C. § 2255. *Ramos-Cartagena*, No. 3:97-cr-00110 (Dkt. 495). The district court found the claims meritless and dismissed the motion. *Id.* at Dkt. 512.

---

[1] In the District Court of Puerto Rico and First Circuit Court of Appeals proceedings, Petitioner's name is hyphenated. Ramos Cartagena did not hyphenate his name in the case caption when he filed this petition. The Court, therefore, will not use a hyphen when referring to Petitioner here, but when citing cases from other jurisdictions, the Court will use a hyphen in accordance with the dockets of those courts.

2

In 2013, Ramos Cartagena filed a second motion under § 2255, seeking to vacate Counts 2 and 5 of his convictions under *Alleyne v. United States*, 570 U.S. 99 (2013). The district court dismissed the petition without prejudice because Ramos Cartagena did not obtain permission from the First Circuit Court of Appeals to file a successive § 2255 petition. *Ramos-Cartagena*, No. 3:97-cr-00110 (Dkt. 592). Ramos Cartagena filed a request for certificate of appealability (COA) and for permission to file a second petition in the First Circuit Court of Appeals. *Id.* at Dkt. 593. The Court of Appeals denied a COA and permission to file a second petition. *Ramos-Cartagena v. United States*, No. 14-1154 (1st Cir. Jan. 26, 2015).

Ramos Cartagena filed a third § 2255 motion in 2017. He sought to vacate his § 924(c) conviction and sentence based upon the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court stayed the motion pursuant to a district-wide standing order applicable to all § 2255 motions appointing the Officer of the Federal Public Defender for the District of Puerto Rico to represent any defendant who may qualify for relief under § 2255 in light of Johnson. *Ramos-Cartagena*, No. 3:97-cr-00110 (Dkt. 621).

Ramos Cartagena also filed a motion in the First Circuit Court of Appeals seeking authorization to file a successive § 2255 motion, challenging his 18 U.S.C. § 924(c) conviction. The First Circuit denied

authorization to file a successive § 2255 motion. *Ramos-Cartagena*, No. 16-1411 (1st Cir. Apr. 2, 2019).

On September 15, 2017, Petitioner filed the pending petition under § 28 U.S.C. § 2241. He argues that he is actually innocent of using a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c).

**II. Discussion**

As stated above, Ramos Cartagena has filed this action as a habeas petition under 28 U.S.C. § 2241. The proper avenue for relief on a federal prisoner's claim that his conviction and sentence were imposed in violation of the federal constitution or federal law is a motion to vacate or correct sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. That a prisoner has been denied permission to file a second or successive § 2255 motion does not render § 2255 "inadequate or ineffective." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012), citing *Charles*, 180 F.3d at 756. Thus, the First Circuit's denial of leave to file a second or successive petition does not

4

entitle Ramos Cartagena to seek relief under § 2241.

Even if Ramos Cartagena's petition were properly filed under § 2241, he would still not be entitled to relief. Ramos Cartagena argues that he is "actually innocent" of his conviction under 18 U.S.C. § 924(c), because, under *Johnson v. United States,* 135 S. Ct. 2551 (2015) and *Mathis v. United States*, 136 U.S. 2243 (2016), his conviction for armed bank robbery no longer qualifies as a "crime of violence." In *Johnson*, the Supreme Court held that the "residual clause" definition of "violent felony" under the Armed Career Criminal Act (ACCA) was unconstitutionally vague. 135 S. Ct. at 2555-58. In *Mathis*, the Supreme Court held that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense. 136 S. Ct. at 2251.

Ramos Cartagena argues that § 924(c) suffers from the same defects as ACCA's residual clause. Section 924(c) imposes a mandatory minimum sentence for using, carrying, or, in furtherance of the crime, possessing a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another,

5

or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

"Part (A) is referred to as the 'force clause,' while Part (B) is referred to as the 'residual clause.'" *United States v. Johnson*, 726 F. App'x 393, 407 (6th Cir. 2018). Neither *Johnson* nor *Mathis* invalidates Ramos Cartagena's § 924(c) conviction.

To determine whether a crime is a "crime of violence" under § 924(c)(3)(A), courts apply the "modified categorical approach." *In re McComb*, 691 F. App'x 819, 820 (6th Cir. 2016). Using this approach, the Sixth Circuit has held that "[b]ank robbery by 'force and violence' plainly involves 'the use, attempted use, or threatened use of physical force,'" and that bank robbery by intimidation involves the threat to use force. *United States v. McBride*, 826 F.3d 293, 295-296 (6th Cir. 2016). Bank robbery by force, violence, or intimidation, therefore, qualifies as a "crime of violence" under § 924(c)(3)(A). *Id.* The Supreme Court's *Mathis* decision did not invalidate the Sixth Circuit's holding that bank robbery by force, violence, or intimidation is a "crime of violence" *McComb*, 691 F. App'x at 820. Accordingly, because his bank robbery conviction is a "crime of violence" under § 924(c), Ramos Cartagena is not entitled to relief under § 2241.

## III. Order

Petitioner has not shown that 28 U.S.C. § 2255 is inadequate or ineffective to challenge the legality of his conviction. In addition, he has not shown that he is actually innocent of § 924(c). The petition is **DISMISSED**. Petitioner's Motion to Grant Prompt Disposition, filed on October 1, 2018, is **DENIED AS MOOT.**

**SO ORDERED.**

Dated: April 16, 2019      s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on April 16, 2019.

                           s/A. Chubb
                           Case Manager