UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSE RAMOS CARTAGENA**, <br><br>　　　　Petitioner, <br><br>vs. <br><br>**J. A. TERRIS**, <br><br>　　　　Respondent. | 2:17-CV-13271-TGB <br><br> **ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT** |

　　Petitioner Jose Ramos Cartagena filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief on the ground that he is actually innocent of 18 U.S.C. § 924(c)(1), which prohibits using a firearm during a crime of violence. On April 16, 2019, the Court dismissed Ramos Cartagena's petition because it was not properly filed under § 2241 and, in the alternative, lacked merit. (ECF No. 10.) Now before the Court is Ramos Cartagena's Motion to Alter or Amend Judgment. (ECF No. 12.) The Court denies the motion.

## Background

　　In 1988, Ramos Cartagena was convicted by a jury in the District of Puerto Rico of two counts of armed bank robbery, 18 U.S.C. § 2113(a) and (d); one count of assault, 18 U.S.C. § 2114(a); one count of breaking

and entering, 18 U.S.C. § 2117; and one count of using a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1). *See United States v. Ramos-Cartagena*, No. 3:97-cr-00110 (ECF No. 286). The First Circuit Court of Appeals affirmed his convictions. *United States v. Mojica-Baez, et al.*, 229 F.3d 292, 296-97 (1st Cir. 2000). After several unsuccessful motions to vacate sentence under 28 U.S.C. § 2255, and requests for authorization to file a successive § 2255 motion, Ramos Cartagena filed a § 2241 petition in this Court. (ECF No. 1.) He argued that he is actually innocent of using a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c).

**Standard**

Rule 59(e) of the Federal Rules of Civil Procedure may only be granted if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A Rule 59 motion may not be used to relitigate issues out of disagreement with the Court's initial ruling. *See, e.g., Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively

'reargue a case'"); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.").

## Discussion

Ramos Cartagena argues that the Court erred in finding that his petition was not properly filed under § 2241 and that, alternatively, his claim lacked merit.

First, Ramos Cartagena fails to show that the Court should have permitted him to proceed under § 2241. A petitioner may raise a claim that his conviction and sentence were imposed in violation of the federal constitution or federal law under § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Ramos Cartagena sought and was denied permission to file a successive § 2255 petition raising the same claim raised in his § 2241 petition. *See* Ramos-Cartagena, No. 16-1411 (1st Cir. Apr. 2, 2019). Section 2255 is not rendered "inadequate or ineffective" because a prisoner has been denied permission to file a second or successive motion.

So the Court held that Ramos Cartagena could not seek relief under § 2241.

Ramos Cartagena argues that he should have been permitted to proceed under § 2241 through the § 2255(e) savings clause because a new interpretation of statutory law renders him actually innocent of the § 924(c) offense. Ramos Cartagena, however, failed to satisfy the conditions for bringing an actual innocence claim under § 2241. He failed to show that he did not have a meaningful opportunity to "incorporate the new interpretation [of statutory law] into his direct appeals or subsequent motions." *Wooten v. Cauley,* 677 F.3d 303, 308 (6th Cir. 2012). In fact, Ramos Cartagena's motion for authorization to file a successive § 2255 petition filed in, and denied by, the First Circuit Court of Appeals asserted the same claim raised in his § 2241 petition. This shows he had a meaningful opportunity to previously incorporate his argument in a post-conviction motion. His relief under § 2255 is not rendered "inadequate or ineffective" simply because the First Circuit Court of Appeals denied permission to file a second or successive motion. *Id.* at 307.

Second, Ramos Cartagena fails to show entitlement to Rule 59(e) relief based upon his argument that the bank robbery conviction was not a crime of violence under § 924(c). Ramos Cartagena's arguments disputing the Court's decision dismissing his petition on the merits essentially repeat the arguments raised in his petition. The arguments fail to show that there was a clear error of law, newly discovered evidence, an intervening change in controlling law, or that failure to grant the motion would result in manifest injustice.

The Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), issued after Ramos Cartagena filed his Rule 59(e) motion, does not constitute an intervening change in controlling law warranting relief. In *Davis*, the Supreme Court invalidated § 924(c)(3)'s residual clause as unconstitutionally vague. *Id.* at 2324. But *Davis* does not compel a different result in this case because Ramos Cartagena's predicate offense, armed bank robbery in violation of § 2113(a), is a crime of violence under § 924(c)'s "use of force" elements clause (which has not been invalidated). *See United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016); *United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019).

Accordingly, the Court denies Petitioner's Motion to Alter or Amend Judgment (ECF No. 12).

SO ORDERED.

DATED March 20, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge